McIlvaine, J.
The statute of April 20, 1874 (71 Ohio L. 146), after enacting among other things, that a corporation “ operating a railroad in whole or in part in- this State, may demand and receive for the transportion of passengers on. said road, not exceeding three cents per mile for a distance - of more than eight miles ; provided the fare shall always be made that multiple of five nearest reached by multiplying the rate by the distance,” further provides that “ Every such corporation, its officers, employes or agents, who shall violate, or permit to be violated, the provisions of this act, or any other corporation, its officers, employes, or agents, who shall demand or receive a 'greater sum of money for the transportation of passengers, or property, on or over their railroad than the sum allowed by law, shall pay to the party aggrieved for every such overcharge, a sum equal to double the amount of such overcharge ; but in no case shall the amount to be paid be less than one hundred and fifty dollars.”
The first question raised on the demurrer, and chiefly urged in the argument of the case, relates to the constitutionality of the statute upon which the action is based. Numerous objections to the validity of the statute are urged. It is contended, that if *270 the right of action given to the party aggrieved is for compensation for an injury, the province of a jury is invaded by fixing the minimum recovery at $150. We need not stop to consider the soundness of this proposition, as it is conceded by counsel for plaintiff in error, in which concession we entirely concur, that the minimum sum to be paid for overcharging fare, where the actual damage of the party aggrieved is less than one hundred and fifty dollars, is in the nature of a penalty—is punishment rather than compensation.
In this view of the statute, however, it is contended, that a violation of its provisions is an offense against a public law, and prosecutions therefor must be carried on “ in the name and by the authority of the State of Ohio.” Sec. 20, Art. 4, Constitution.
And further, that if for a violation of the statute the guilty party can be prosecuted in a civil action, the rule of the code of civil procedure, which declares that allegations in a petition not denied by answer, shall be taken as true, violates the principle guaranteed by the constitution, section 10, article 1, that no person in any criminal case shall be compelled to be a witness against himself. The summing up of the argument by counsel, I quote:
“ These conclusions are thus reached: If the forfeiture of the statute be deemed compensatory, it violates the great civil right of trial by jury; and right of the citizen to have the compensation for injuries done measured by the judgment of that tribunal. For if it be competent for the legislature to prescribe the minimum of compensation in any case, it may in all cases, and as in the present instance, may fix such minimum greatly in excess of any probable or even possible injury, thus' reducing the right of jury trial to a mockery.
“If the forfeiture of the statute be deemed punitive, it violates the constitutional guarantees of liberty in the several respects above stated, by making the punishment of crime against the sovereignty of public law, an instrument in the hands of private malice, fraud and conspiracy, to be secured without jury or witnesses) through the virtual, involuntary confession of the accused.”
The principles of the constitution, above referred to, are *271 wholly misapplied by counsel in argument. These provisions were not intended to inhibit private actions for damages resulting from the violation of a public statute, nor for a penalty where the right of action therefor is given to the party aggrieved, nor even prosecutions in the nature of qui tarn actions. Ail prosecutions for the violation of criminal laws, on behalf of the State, or general public, must be in the name of the State and by its authority, and in such prosecutions the person charged cannot be compelled to be a witness against himself ; but where a right of private action is given by statute for a penalty, a civil action, in the name of the party, under the civil code, with all its incidents, is the proper remedy unless otherwise provided specially.
Before the trial in the court below, the act of 1874 was repealed by the act of March 30, 1875 (72 Ohio L. 143), as follows : “ Sec. 2, that the said Act of April 20,1874, be, and the same is hereby repealed, and the repeal of said act shall affect and annul penalties accruing or accrued under said act or the act of April 25, 1873, repealed thereby; provided, that no railroad company or corporation shall bo released from its liability in actions now pending and causes of action heretofore accrued to any person from whom such railroad company or corporation by its officers or agents shall have demanded and received fare or freight at a rate above that allowed by law; provided, such person paid out overcharges while using such railroad in the due course of his or her business and not for the purpose or with the view of obtaining the penalty provided by law for such overcharge, &c. Wherefore, it is claimed, that the petition was not sufficient to support the judgment, for the reason that it did not show that the plaintiff was within the saving clause.
Whether an action could have been maintained under the act of 1874, where the overcharge was not paid in the due course of business, but was paid for the purpose of obtaining the penalty, to say the least, is doubtful; but it is clear, that since its repeal in 1875, a cause of action arising under it was lost by the repeal unless the party was within the terms of the saving clause; yet if an action was pending at the time of the *272 repeal and the petition stated a causé of action under the statute, its subsequent repeal, the case being in fact within the saving clause, did not render the petition insufficient. And we think the petition was sufficient under the act of 1874. If the plaintiff’s case was obnoxious to the charge of bad faith, the petition, however, stating a cause of action in the terms of the statute, the bad faith was, under the act of 1874, a matter of defense—assuming that the payment of the excessive fare not in the due course of business, but for the purpose of obtaining the penalty would have defeated the action. In the case before us, the testimony not being in the record, we must assume that it was shown that the plaintiff was within the saving clause of the repealing statute.
It is also claimed, that the first count in the petition is bad for want of an averment that the plaintiff was a passenger on the defendant’s cars from Beliefontaino to New Richland, or that the ticket purchased was in fact used by a passenger. This objection is answered by the principle above stated. The allegation of the petition is as broad as the terms of the statute, namely: that the defendant demanded and received excessive fare from the plaintiff for the transportation of a passenger. If the passenger was not transported, or in other words, if the payment of the fare was not in the due course of business, but was made for the purpose of obtaining the penalty, the plaintiff, under the act of 1874, was not bound to aver to the contrary, until such fact was set up by way of defense.
A question of some difficulty is raised as to the joinder of causes of action. Our statute provides for the joinder of actions as follows : “The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in either one of the following classes; 3. Injuries, with or without force, to person or' property, or either.” Section 80 of the Code of 1853. The joinder in this case, if justified at all, is under this clause.
There is no doubt that this section should be construed liberally for the purpose of preventing multiplicity of actions ; and we are inclined under this rule of construction to hold, *273 tliat the causes of action in tlie petition are for injuries to property; and if this be so, the joinder was proper. The wrongful taking of another’s property is an injury to the property. "Wrongfully demanding and receiving the plaintiff’s money for fare in excess of the amount authorized by law, was an injury to her in her property. Although it was paid without protest, the company acquired no right to retain it. It being unlawful to demand or receive it, the railroad company unlawfully exacted and converted it; and for this wrong and injury, the statute gave the plaintiff a right of action ; and our best judgment is, that several causes of action for such injuries may be united in the same petition.
There was no error in the court refusing a demand- by the defendant for a jury to assess damages. There was no issue of fact for a jury to try. The statute, upon the facts admitted by the pleadings, fixed the amount of the recovery. If an issue had been joined, for the trial of which either party might, of right, have demanded a jury, upon the finding of the jury upon the issue for the plaintiff below, the amount of their verdicl would have been controlled by the statute.

Judgment affirmed.

Okey, C. J.
In my opinion the judgment should be re versed in part and affirmed in part. The second cause of action is sufficiently stated, and the judgment as to that should be affirmed. The first cause of action is as follows: “ On the 10th day of June, 187J, the plaintiff was at Bellefontaine, in Logan county, and desired to go from there to the town of New Richland, in said county, the distance of nine and nine-tenths miles. At the office of said company, in Bellefontaine, the plaintiff purchased from the defendant’s agent a ticket from Bellefontaine to New Richland, which ticket represented that the plaintiff had paid her fare or toll from Bellefontaine to New Richland, and was entitled to ride on defendant’s cars on said road (of the defendant) from Bellefontaine to New Richland. For said ticket and fare as aforesaid, defendant, by its agent, charged, demanded and received of the plaintiff the sum and price of thirty-five cents, and the plaintiff paid said sum of *274 thirty-five cents for said ticket and fare, which was more than defendant was entitled by law to charge and receive for riding on said railroad said distance of nine and nine-tenths miles; whereby an action has accrued to the plaintiff for the same, and the plaintiff is entitled to have and receive from the defendant, by reason of the premises, the sum of one hundred and fifty dollars.”
The statement of this cause of action is not aided by any other matter in the record. I deny that such statement is as broad as the statute. It is not stated in terms, nor even in substance, that the plaintiff below was transported to New Rich-land. The statute, quoted in the opinion of the court, limited the sum which the company might “ demand and receive, for the transportation of passengers on said road,” to a sum “ not exceeding three cents per mile,” and made highly penal a violation of its provisions. Indeed, for receiving Jime cents—the amount alleged in this cause of action—in excess of the prescribed fare, the penalty must be at least one hundred and fifty dollars; and knowledge, on the part of the agent, that the sum is in excess of the lawful fare, is not made by the statute a material element in maintaining the action. Such a statute, according to well settled principles, must be construed strictly. So construed, the first cause of action, above set forth, is insufficient, in failing to state that the defendant in error was transported on the road. The inhibition is not against the sale of tickets to a purchaser thereof, but receiving an unlawful rate of fare “ for the transportation of passengers on said road.” According to the construction of the majority, a right of action accrued to the defendant in error the moment she bought, tb7ticket of an agent, and there was not left to the company even a locus penitentice. But in my opinion no penalty is incurred under the statute, unless, for the act of transportation actually performed by the company, a sum in excess of that prescribed n the statute has been exacted. Nothing of the sort is stated in the first cause of action, and hence it is insufficient. If one from whom illegal fare is exacted is not actually carried, he may recover the money so paid, but not the penalty prescribed in the statute. White v. Franklin Bank, 22 Pick. 181. The *275 section, of course, is susceptible of the meaning ascribed to it by the majority of the court; but where a statute highly penal in its provisions, admits of two probable but conflicting constructions, that is to be preferred which is most favorable to him against whom the penalty is asserted.